UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


SCOTT A. KINNANE,

    Plaintiff,

v.                                      CASE No. 8:05-CV-1127-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____


O R D E R

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.* Because the decision of the Commissioner of Social Security is based upon an improper hypothetical question, the decision will be reversed and the matter remanded for further proceedings.

I.

The plaintiff, who was thirty-eight years old at the time of the administrative hearing and who has an eighth grade education (Tr. 420), has

---

*The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 12).

worked as an auto detailer, plumber, heavy equipment mechanic, and auto mechanic's helper (Tr. 16). He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled due to depression and seizures (Tr. 67, 175). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has the severe physical impairments of a seizure disorder and disc herniation (Tr. 23). Due to these impairments, the law judge concluded that the plaintiff is restricted to medium work that does not involve climbing long vertical ladders, scaffolds, ropes or at unprotected heights; does not require operating dangerous machinery; and only occasionally demands balancing on uneven surfaces (id.). The law judge also found that the plaintiff has a severe mental impairment of bipolar disorder which results in mild limitations of activities of daily living and of concentration, persistence and pace, and of moderate limitation in maintaining social functioning. Based upon the testimony of a vocational expert, the law judge determined that the impairments did not prevent the plaintiff from returning to work as an auto detailer. Accordingly, the law judge decided that the plaintiff was not disabled (id.). The Appeals

Council let the decision of the law judge stand as the final decision of the Commissioner (Tr. 4).

II.

A.  In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. 423(d)(3), 1382c(a)(3)(D).  The Act provides further that a claimant is not disabled if he is capable of performing his previous work.  42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.  42 U.S.C. 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402

U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. See 20 C.F.R. 404.1520, 416.920. One of the threshold inquiries (step two) is whether a claimant has a severe impairment. 20 C.F.R. 404.1520(c), 416.920(c). An impairment is

not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. 404.1521(a), 416.921(a). If an impairment is not severe, then a claimant is deemed to be not disabled. 20 C.F.R. 404.1520(c), 416.920(c).

When an impairment is severe, a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 404.1520(e), 416.920(e). If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in substantial numbers in the national economy.

### III.

The plaintiff contends on two grounds that the decision of the Commissioner should be reversed and remanded. Since the second contention clearly requires reversal, only that one need be discussed.

The plaintiff's meritorious contention is that the law judge relied upon an inadequate hypothetical in deciding that the plaintiff could return to past work as an auto detailer. The hypothetical in question assumed a younger individual with a limited education, medium-level exertional capacity, only occasional balancing on uneven surfaces, no exposure to climbing lumber,

ladders, scaffolds, ropes or at unprotected heights, and no operation of dangerous machinery (Tr. 436). The plaintiff contends that the hypothetical should have also included mental limitations (Doc. 17, p. 10).

The law judge, as indicated, found that the plaintiff had a severe impairment of a bipolar disorder which imposed mild restrictions in activities of daily living, moderate difficulties in maintaining social functioning, and mild difficulties in maintaining concentration, persistence or pace (Tr. 23). These limitations should have been, but were not, included in the hypothetical question that elicited the vocational expert's testimony that the plaintiff could return to past work as an auto detailer (Tr. 436). "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002).

"The Commissioner concedes that the ALJ did not inquire about whether mental limitations might prevent Plaintiff from returning to his past relevant work" (Doc. 20, p. 10). She contends, however, that this is harmless error because the law judge did not stop at the fourth step of the sequential analysis concerning past work, but went on to the fifth step of the analysis regarding other jobs in the national economy that the plaintiff could perform.

-6-

That is simply not so. The law judge went no further than his determination that the plaintiff could return to past work as an auto detailer. Notably, in some cases, the law judge will make alternative findings at the fourth and fifth steps of the sequential analysis, but that was not done here.

The law judge seemingly was in a position to make a finding at the fifth step regarding other work in the national economy since he asked the vocational expert a second hypothetical which did include mental limitations (Tr. 436-37). Moreover, the expert identified jobs in the national economy that the hypothetical individual could perform (Tr. 437). As indicated, however, the law judge did not make a finding about the fifth step of the analysis.

Whether I could make such a finding and thus conclude that the error at step four was harmless is doubtful. McDaniel v. Bowen, 800 F.2d 1026, 1032 (11th Cir. 1986). The responsibility for making factual findings is committed to the Commissioner, and not the courts. Id.

In all events, such an approach should not be undertaken in this case. A critical part of the pertinent hypothetical was described as "inaudible." Thus, the question in the transcript reads (Tr. 436-37):

> Q Now considering a hypothetical younger individual with the same or similar limited education and past work experience as the claimant, and assuming the restrictions of a (INAUDIBLE). And in (INAUDIBLE) limited to simple, repetitive, routine tasks. And the interaction with people will be involving occasional. Assuming those premises, is there other work that such a hypothetical individual could perform?

The transcript therefore fails to reflect what physical limitations, if any, were included in the hypothetical question. While it might be a good guess that the question contained the physical limitations included in the prior hypothetical (although the law judge had erred in stating that previous question), it seems inappropriate to me to base a finding on a guess, particularly since it appears that I am not authorized to make a factual finding in the first place.

In sum, the hypothetical question upon which the law judge based his decision that the plaintiff could return to prior work is clearly deficient. The error in formulating that question is not rendered harmless by the further attempt to inquire about jobs in the national economy because the law judge made no finding on that issue and the transcript regarding that issue is incomplete.

In light of this conclusion, it is unnecessary to resolve the plaintiff's further argument that the law judge failed to develop the record. Nevertheless, the argument appears unpersuasive for the reasons set out in the Commissioner's memorandum.

The plaintiff, after I had concluded that a reversal was warranted in this case, but before this Order was executed, filed a motion for a remand pursuant to the sixth sentence of 42 U.S.C. 405(g), based on new evidence. That motion is rendered moot by this Order. In all events, the plaintiff will have the opportunity to submit the new evidence upon remand.

IV.

It is, therefore, upon consideration

ORDERED:

1. That the decision of the Commissioner, which is based upon an improper hypothetical, is hereby REVERSED, and the matter is REMANDED for further proceedings.

2. That the Motion for Remand under Sentence Six of 45 [sic] U.S.C. §405(g) (Doc. 21-1) be, and the same is hereby DENIED as moot.

3. That the Clerk is directed to enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this <u>29th</u> day of August, 2006.

```
          THOMAS G. WILSON
     UNITED STATES MAGISTRATE JUDGE
```